**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**BRIOVARX, LLC, an Alabama Corporation,**

      **Plaintiff,**

**v.**                           **Case No.:  3:13-cv-12049**

**JENNIFER JOHNSON, an individual,
RICHARD A. JOHNSON, an individual,**

      **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court are five motions related to discovery, including the following:

1.    Defendants' Motion for a Protective Order in Response to Plaintiff's Second Set of Discovery Requests, (ECF No. 69);

2.    Defendants' Motion to Compel Complete Discovery Responses from Plaintiff, (ECF No. 70);

3.    Plaintiff's Motion for Protective Order, (ECF No. 73);

4.    Plaintiff's Motion to Compel Defendants' Discovery Responses, (ECF No. 75) and

5.    Defendants' Motion for Leave to File Response to Plaintiff's Motion for Protective Order. (ECF No. 83).

The Court **GRANTS** Defendants' Motion for Leave to File a Response, (ECF No. 83), and has considered that response with the other memoranda filed by the parties. In

1

addition, on March 10, 2014, the undersigned conducted a hearing on the motions. For the reasons that follow, the Court **GRANTS**, in part, and **DENIES**, in part, Defendants' Motion for Protective Order and Plaintiff's Motion to Compel Defendants' Discovery Responses, (ECF Nos. 69, 75); **GRANTS** Defendants' Motion to Compel Complete Discovery Responses, (ECF No. 70); and **DENIES** Plaintiff's Motion for a Protective Order. (ECF No. 73).

## I.   <u>Introduction</u>

Plaintiff BriovaRx, LLC is a specialty pharmacy with locations in eleven states, including West Virginia. According to Plaintiff, it employed Defendants as sales representatives until March 2013, when they resigned their positions with the company. Defendants subsequently opened a competing entity, allegedly using confidential business forms and information belonging to BriovaRx. Accordingly, Plaintiff filed the complaint herein, asserting claims of breach of contract, breach of the duty of loyalty, tortious interference with a prospective business advantage, copyright infringement, and unfair competition. Plaintiff seeks injunctive relief, money damages and attorneys' fees and costs.

## II.   <u>Applicable Discovery Principles</u>

Rule 26(b)(1) permits a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defenses. "While the Federal Rules of Civil Procedure do not define 'relevant information,' the Federal Rules of Evidence define it as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Boykin Anchor Co., Inc. v. Wong*, No. 5:10–CV–591– FL, 2011 WL 5599283, * 2 (E.D.N.C. November 17, 2011), *citing United Oil Co., v. Parts*

*Assocs., Inc,* 227 F.R.D. 404, 409 (D.Md. 2005). Nonetheless, admissibility under the Federal Rules of Evidence is not the guideline for relevancy in the context of discovery. Relevancy in discovery is broader in scope, because "[d]iscovery is of broader scope than admissibility, and discovery may be had of inadmissible matters." *King v. Conde,* 121 F.R.D. 180, 194 (E.D.N.Y. 1988); *See also Carr v. Double T Diner,* 272 F.R.D.431, 433 (D.Md.) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case"). For purposes of discovery, information is relevant, and thus discoverable, if it "'bears on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Although 'the pleadings are the starting point from which relevancy and discovery are determined ... [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.' Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes. Therefore, courts broadly construe relevancy in the context of discovery." *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 199 (N.D.W.Va. 2000) (internal citations omitted).

Discovery that seeks relevant information may nevertheless be restricted or prohibited if necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Likewise, on motion or *sua sponte,* the court may limit the frequency and extent of discovery when the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). The party opposing discovery has the obligation to

submit evidence supporting its claims that the requests are unduly burdensome, oppressive, or improperly invasive. To prevail on the grounds of burdensomeness or breadth, the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D.Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D. Fla.2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome").

Federal Rule of Civil Procedure 26(c)(1)(G) also allows the court, for good cause, to issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." In order for the court to apply the rule, two criteria must exist. First, the material sought to be protected must be "a trade secret or other confidential research, development, or commercial information." Second, there must be a "good cause" basis for granting the restriction. The party seeking protection bears the burden of establishing both the confidentiality of the material and the harm associated with its

4

disclosure. *Deford v. Schmid Prods. Co.,* 120 F.R.D. 648, 653 (D.Md. 1987) (citing *Cipollone v. Liggett Group, Inc.,* 785 F.2d. 1108, 1121 (3rd Cir. 1986)). Once these elements are demonstrated, the burden shifts to the party seeking disclosure to show that the material is relevant and necessary to its case. *Empire of Carolina, Inc. v. Mackle,* 108 F.R.D. 323, 326 (D.C. Fla. 1985). The court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 787 (3rd Cir. 1994) (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts,* 105 Harv.L.Rev. 427, 432–33 (1991). Although the court exercises broad discretion in deciding "when a protective order is appropriate and what degree of protection is required, *Furlow v. United States,* 55 F.Supp.2d 360, 366 (D.Md.1999) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)), protective orders "should be sparingly used and cautiously granted." *Baron Fin. Corp. v. Natanzon,* 240 F.R.D. 200, 202 (D.Md. 2006) (quoting *Medlin v. Andrew,* 113 F.R.D. 650, 653 (M.D.N.C. 1987)).

## III.   Defendants' Motion for Protective Order and Plaintiff's Motion to Compel

Shortly after serving the complaint, Plaintiff moved the Court for expedited discovery; a request that was granted. Consequently, Plaintiff served discovery requests on the Defendants, which were answered on August 19, 2013. Plaintiff was dissatisfied with some of the answers, so on August 29, 2013, the parties discussed their differences. Defendants made it clear that they did not intend to change or supplement their answers. Despite having full knowledge of Defendants' position, Plaintiff took no action to compel supplemental discovery responses until December 9, 2013, more than two

months after expiration of the time frame allowed for filing a motion to compel. Therefore, Plaintiff's motion was denied as untimely. However, noting that time still remained under the Scheduling Order for serving written discovery, Plaintiff simply re-served Defendants with the original discovery requests. Defendants now object to this strategy and seek a protective order. At the same time, Plaintiff moves to compel answers to the second set of requests.

Although the second set of discovery served by Plaintiff is duplicative of its first set, the undersigned finds that some flexibility is called for under the circumstances. Plaintiff did not timely file its motion to compel; accordingly, its substantive arguments were never addressed. For that reason, there may be relevant information in Defendants' possession that has not been shared with Plaintiff. Plaintiff served its second set of discovery within the time frame permitted by the Scheduling Order, and Defendants do not offer any specific evidence or information demonstrating that the requests are overly burdensome or oppressive. To the contrary, Defendants indicate that they will simply provide the same answers to the discovery requests. Thus, Plaintiff's diligence in re-serving the discovery may, at least in part, gain it a second chance at its motion to compel. That result is not contrary to or inconsistent with the goals of the federal discovery rules.

Therefore, the undersigned **DENIES** Defendants' motion to the extent that it applies to the requests for production of documents, and **GRANTS** Plaintiff's motion to compel its second set of requests for production of documents. Defendants shall have through and including **March 14, 2014** in which to respond to the document requests.

On the other hand, given Federal Rule of Civil Procedure 33(a), the outcome must be different to the extent that the motion applies to the interrogatories

propounded by Plaintiff. Under Federal Rule of Civil Procedure 33(a), parties are limited to 25 interrogatories. Plaintiff filed 25 interrogatories in its first set; consequently, the second set of interrogatories is not only duplicative, it exceeds the limit permitted by the Federal Rule. The parties agreed to abide by the limitations contained in the Federal Rules, and Plaintiff has not demonstrated good cause to deviate from that agreement.  Therefore, the undersigned **GRANTS** Defendants' motion for protective order to the extent that it applies to the interrogatories propounded by Plaintiff, and **DENIES** Plaintiff's motion to compel its second set of interrogatories.

## IV.   Defendants' Motion to Compel Complete Discovery Responses and Plaintiff's Motion for a Protective Order

Plaintiff withheld information in response to Defendants' first set of interrogatories and requests for production of documents on three broad grounds, all of which Defendants found inappropriate. First, Plaintiff argued that a protective order, which included an "attorney's eyes only" provision, had to be entered before sensitive business records would be produced. This argument also forms the basis of Plaintiff's Motion for a Protective Order. Second, Plaintiff took the position that it did not need to produce documents already in the Defendants' possession. Finally, Plaintiff raised relevance and/or burdensomeness objections to several requests, or supplied only generic, non-specific responses. Having reviewed the requests and the answers, the undersigned agrees with Defendants that they are entitled to full and complete responses to the interrogatories and requests for production of documents identified in their motion to compel, with the exception that Plaintiff shall only be required to answer the modified version of Interrogatory No. 16 agreed upon at the motions hearing. Therefore, the Court **GRANTS** Defendants' Motion to Compel, and **ORDERS** Plaintiff

to provide full and complete answers to the designated discovery requests on or before **March 24, 2014**. In addition, the Court **DENIES** Plaintiff's Motion for a Protective Order.

The primary reason given by Plaintiff for its hesitancy to fully answer Defendants' discovery requests is the absence of a two-tiered protective order. Defendants agree that a protective order should be entered in this case, but assert that the District's standard protective order is sufficient, arguing that Plaintiff has not shown good cause for a more restrictive order. Two-tiered protective orders are commonly entered in cases involving intellectual property, trade secrets, and unique technological information, affording fuller protection to particularly sensitive information than is extended to ordinary business information. *Layne Christensen Co. v. Purolite Co.,* 271 F.R.D. 240, 246-47 (D. Kan. 2010). The more restrictive "attorney's eyes only" tier is intended to prevent adverse parties—generally business competitors—from accessing the other party's previously undisclosed, highly confidential documents, which if revealed, could place that party at a competitive disadvantage in the market.

Plaintiff contends that such an order is necessary here in light of the type of information to be produced, which includes patient names, prescriber information, medication records, and pricing charts. In Plaintiff's view, its sensitive business information should not be shared with Defendants, who are direct competitors, unless and until the information is used as evidence. In response, Defendants emphasize that they have only requested copies of the documents that Plaintiff accuses them of taking. As such, Plaintiff is asking the Court to enter an order that will prevent Defendants from seeing documents they allegedly already have in their possession. Defendants also argue that a two-tiered protective order will significantly interfere with their ability to defend

8

themselves against Plaintiff's accusations. If they cannot see the information they are accused of taking from Plaintiff, they will be precluded from working effectively with their counsel to refute Plaintiff's allegations. Finally, Defendants point out that they are currently unemployed and as a result are not in competition with Plaintiff.

The undersigned agrees with Defendants. The specific facts of this case do not create the need for a two-tiered protective order. Plaintiff alleges that while in its employ, Defendants collected, removed, and subsequently used confidential business information and records that belonged to Plaintiff. Defendants have asked Plaintiff to identify and produce the materials allegedly misappropriated by Defendants. Consequently, all of the data at issue is either currently in Defendants' possession or was already well-known to them. Thus, "an attorney's eyes only" provision would serve no practical purpose in this case. Conversely, such a provision would create a substantial impediment to Defendants' ability to prepare their case. Accordingly, the Court finds Plaintiff objections to discovery on this ground to be without merit and further finds no good cause to enter a protective order more restrictive than the District's standard order.

Second, Plaintiff's objection that responsive information is already in Defendants' possession is not a sufficient basis to avoid answering an otherwise valid discovery request. *Wooten v. Lincoln Nursing Ctr.,* No. 5:09–CV–097–DCK, 2011 WL 381608, at *7 (W.D.N.C. Feb. 2, 2011) (citing *Alberts v. Wheeling Jesuit Univ.,* No. 5:09–CV–109, 2010 WL 1539852 at *2 (N.D.W.Va. April 19, 2010)); *see also Smithfield Business Park, LLC v. SLR Intern. Corp.,* No. 5:12–CV–00282–F,2013 WL 5705601,*5 (E.D.N.C., Oct. 18, 2013) (applying the rule to a request for production of documents); *Rogers v. Tri-State Materials Corp.,* 51 F.R.D. 234, 245 (N.D.W.Va.

1970) (citing 2A Barron & Holtzoff, Federal Practice and Procedure, § 766, pages 299–300 (1961)) ("The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories. Interrogatories are not limited to facts which are exclusively or peculiarly within the knowledge of the interrogated party."). Therefore, the undersigned finds this objection likewise lacks merit.

Finally, Plaintiff's remaining objections related to document requests being overly broad or unduly burdensome are overruled. In order to support such objections, Plaintiff must do more to carry its burden than make conclusory and unsubstantiated arguments. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008). Plaintiff supplies no specific data, affidavits, or evidence demonstrating precisely how the discovery requests create an undue burden, or are overly broad. The disputed requests generally pertain to a form purportedly created by one of the Defendants when she worked for Plaintiff, which was copyrighted by Plaintiff after Defendants left the company. Plaintiff sued Defendants for copyright infringement over their subsequent use of the form. As a result, the development, formats, versions, and copyrighting of the form are highly relevant to the claims and defenses in this case. Accordingly, Plaintiff's objections are groundless.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** March 13, 2014

Cheryl A. Eifert
United States Magistrate Judge

10